GAUDIN, Judge.
Appellant is Ernest P. Eusea, who seeks custody of the two children born to him and his former wife, Marlene. Following a hearing in the 29th Judicial District Court, a judgment of joint custody was ordered whereby Marlene was given custody “... on all school nights ...” while Mr. Eusea was granted custody “... on all weekends ... except holiday weekends ...”
The judgment provided for alternate custody on holidays such as Christmas and Mardi Gras. Further, the decree stipulated that the children were to spend half of each summer with their father and half with their mother. Prior to rendering judgment, the trial judge had an off-the-record discussion with one of the children.
On appeal, Mr. Eusea alleges that the trial judge erred:
(1) In not giving him total custody,
(2) In not allowing the parties to submit joint custody implementation plans, and
(3) In imposing on appellant unreasonable terms and conditions which are neither in his best interest nor in the best interests of the children.
After considering the testimony and evidence and the entire record, we cannot say that there is support for any of appellant’s contentions. We therefore affirm the district court judgment.
When Mr. Eusea’s custody rule was heard, Marlene was residing in a three-bedroom trailer in Luling, Louisiana with her two children, aged 12 and five. She admitted having overnight boyfriend guests, but not when the children were there.
The trial judge, in her judgment, ordered Marlene to “... refrain from intimate relationships during her designated custody or while the children are in her actual physical custody.”
Mr. Eusea testified that he has remarried, to Lenora. They also live in a trailer, with Lenora’s two children by a prior marriage. Lenora’s three other children reside elsewhere with their father.
It was also brought out that Mr. Eusea and Lenora had lived together before they were married on July 18, 1980, and that Mr. Eusea’s 12-year-old daughter stayed with her father and Lenora before they were married.
We see no reason to dwell further on the testimony. It suffices to say that the record supports the trial judge’s decision to deny Mr. Eusea’s request for full custody.
Mr. Eusea’s other complaints relate to LSA-C.C. Art. 146 and the fact that he was not asked to submit a joint custody plan prior to the December 8, 1983 judgment being signed.
This litigation started in March, 1979, when Mrs. Eusea petitioned for a legal separation and for custody of the children. The petition alleges that Mr. Eu-sea had abandoned the matrimonial domicile without cause on January 19, 1979. Subsequently, these dates are significant:
March 23, 1979 — Mrs. Eusea granted a legal separation and given custody by judgment of the district court.
April 16, 1980 — Judgment of divorce signed and Mrs. Eusea again given custody.
May 26, 1982 — Mr. Eusea files rule to change custody.
July 21,1982 —Judgment maintains Mrs. Eusea in custody. Visitation rights of Mr. Eusea itemized.
December 13, 1982 — Mr. Eusea filed rule to discontinue alimony, which he voluntarily dismisses on January 14, 1983.
January 31, 1983 —Mrs. Eusea files motion for contempt and injunction.
April 11, 1983 — Consent judgment signed whereby Mr. and Mrs. Eusea agree to stop “...harassing or otherwise bothering each other in any manner whatsoever.”
July 22,1983 —Mr. Eusea moves for custody.
November 21, 1983 — Case heard.
December 8, 1983 — Judgment of joint custody signed'by district judge with terms *180 and conditions of the joint custody order set out in detail.
February 7, 1984 —Mrs. Eusea moves to change custody as Mr. Eusea is not abiding by the terms and conditions of the December 9, 1983 judgment.
This background, in our opinion, serves as good cause and justification for the trial court to have rendered the December 8, 1983 judgment without requesting joint custody plans, notwithstanding any suggestion to the contrary in Art. 146 and/or Art. 157. The trial judge, as the record clearly indicates, was and is thoroughly familiar with both parents and, more importantly, with the interests of the two children. We think it would be ludicrous to remand this case to the district judge merely for her to show good cause why joint custody plans were not sought.
Finally, we note that if the terms and conditions are, as appellant claims, unreasonable, he can seek changes in the district court. Sufficient time has elapsed from the rendition of the subject judgment; and if the decree is working a hardship, such facts should be called to the court’s attention.
We affirm the joint custody decree of December 8, 1984, with Mr. Eusea to pay costs of this appeal.
AFFIRMED.
BOWES, J., concurs and will assign reasons.